*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-448

SEPTEMBER TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Caledonia Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Bruce Bona | } | DOCKET NO. 288-4-14 Cacr |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Defendant appeals jury convictions on seventeen counts of misdemeanor cruelty to animals, in violation of 13 V.S.A. § 352(4). We affirm.

A town animal control officer and another person went to defendant's residence on February 10, 2014 to investigate an anonymous complaint of the improper care, feeding and watering of horses. Based on their observations, they contacted the sheriff's department, which sent a deputy with training in animal-cruelty investigations to the residence the next day. The deputy observed that many of the horses on the property were emaciated and some had cracked hooves. The deputy also observed stalls that lacked bedding and contained one to two feet of packed manure. Defendant told the deputy that he stopped watering the horses when the outside temperature fell below freezing.

On March 1, 2014, the deputy obtained and executed a warrant to search defendant's property. The deputy was accompanied by a veterinarian and several other volunteers. Six hours of inspection revealed that the horses were in various states of malnourishment and dehydration. All twenty-one horses were removed from the premises following the inspection.

On April 28, 2014, the state's attorney's office filed a twenty-one count information charging defendant with misdemeanor violations of Vermont's animal cruelty statutes. Each count alleged that defendant deprived an animal of adequate food, water, shelter, rest, sanitation, or necessary medical attention, in violation of § 352(4). After being arraigned, defendant pled not guilty and waived counsel. A two-day jury trial was held on November 19-20, 2014, at the end of which the jury convicted defendant on seventeen of the twenty-one counts. Defendant was sentenced to an aggregate term of two-to-five years, all suspended, except for seventy-five days, sixty days of which were pre-approved furlough to a work crew.

On appeal, defendant raises three arguments. First, he contends that the case should have been dismissed because the horses were removed from his property without prior consultation with the Secretary of Agriculture, Food and Markets, in violation of 13 V.S.A. § 354(a), which provides that the Secretary "shall be consulted prior to any enforcement action brought pursuant

to this chapter which involves livestock and poultry." Defendant filed a pretrial motion to dismiss based on a violation of that statute. In his motion, he noted the absence of evidence in the record to show that the State had complied with this provision. In renewing his motion at the end of the trial, he indicated that someone in the Department of Agriculture had been consulted, but he asserted that there was no evidence as to what that person's position was within the Department. In a November 14, 2014 pretrial order, the trial court denied the motion to dismiss based on a lack of consultation. The court noted that the statute neither requires consent from the Secretary for there to be a prosecution under the statute nor sets forth any technical role for the Secretary in the process. In the absence of a more specific legislative directive as to the purpose of the consultation, the court declined to conclude that the omission of a consultation is a fatal defect to a prosecution under the statute.

We find no error in the trial court's denial of defendant's motion to dismiss on this basis. The Department's website suggests that the consultation requirement was intended to assure that accepted livestock practices are not a basis for an enforcement action under the animal cruelty statutes. See http://agriculture.vermont.gov/animal_health/animal_welfare ("This consultation with the Agency is required because under Vermont law, animal cruelty laws may not apply to certain acceptable livestock and poultry husbandry practices."). The jury's verdict indicated that it had found defendant guilty of depriving seventeen horses of adequate food and water. Such conduct cannot be considered an acceptable livestock practice.

By contrast, a statutory time limit is considered mandatory when the statute "contains both an express requirement that an action be undertaken within a particular amount of time and a specified consequence for failure to comply with the time limit." State v. Singer, 170 Vt. 346, 348 (2000); see State v. Hemingway, 2014 VT 48, ¶ 11, 196 Vt. 441 (stating that where statute mandated certain action but did not provide explicit consequence for failure to comply with its terms, question was what was correct remedy for statutory noncompliance); In re Mullestein, 148 Vt. 170, 173 (1987) ("It is generally well-accepted law that [a] statutory time period is not mandatory unless it both expressly requires an agency or public official to act within a particular time period and specifies a consequence for failure to comply with the provision" (quotation omitted)). With respect to the instant provision, the Legislature did not provide a remedy for noncompliance with the consultation requirement. As the trial court noted, there is no indication that the Legislature intended a failure to comply with the provision to be grounds for dismissal. Because the statute does not require "approval" of the Secretary prior to an enforcement action, dismissal of the enforcement action is not a proper remedy.

Second, defendant contends that the case should be dismissed based on his allegation that court personnel removed, and returned to him, a document that he had filed in the record. The trial court initially denied a motion to dismiss on these grounds in a September 2014 pretrial order. The court stated that it could not discern what the issue was apart from a disagreement about the manner in which the clerk's office managed a filing he had made. The court denied the motion again following a hearing on October 24, 2014. Defendant does not plainly state what the document was that he alleges was removed from the file, but it appears it may have been a request for a court order to obtain records from the veterinarian who inspected the horses pursuant to the search warrant. Defendant fails to explain how he was prejudiced by the alleged removal of the document, and we cannot discern any prejudice from an examination of the record before us. Therefore, we find no basis to overturn the trial court's denial of his motion to dismiss on these grounds. See V.R.Cr.P. 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.").

Third, defendant argues that the case should have been dismissed because he was denied access to the medical and bill records of the veterinarian who inspected his horses. In August 2014, defendant obtained a subpoena from the clerk's office directing the veterinarian to produce and permit inspection of "horse related" documents in his possession or control. The record indicates that the subpoena was served but does not show what the veterinarian produced, if anything. The following month, defendant asked the trial court to order the veterinarian "to produce ALL medical records on horses from his practice and coinciding billing slips for years 2007 through 2014," as well as the names of any assistant or associate veterinarians involved in the inspection of his premises.

The motion was heard on October 24th and was denied orally on the record. Defendant has not ordered a transcript of the hearing so we are unable to determine exactly the relief defendant sought and the grounds for the court's decision. Defendant then filed a motion to dismiss stating that he requested the court make the veterinarian produce the records specified in the subpoena. He stated that the judge denied the request because the request "was not written properly." This is apparently defendant's description of what occurred at the October 24 hearing for which we do not have a transcript. Defendant moved that the case be dismissed because of the court's inaction on the enforcement of the subpoena. On November 19, another judge denied the motion, stating that defendant had not explained the connection between the subpoena and defendant's defense and that they would not overrule the action of the first judge.

We are at a loss as to how to rule on the merits of this claim because we do not know what defendant presented to the first judge or the grounds for that judge's decision. Further, we cannot understand how the remedy for failure to enforce a subpoena would be dismissal of the case rather than the enforcement action defendant sought. We note, however, that the subpoena did not describe with specificity what records were sought or how they related to any claim in the case and that the trial court has discretion to determine whether to enforce a subpoena. See State v. Simoneau, 2003 VT 83, ¶ 21, 176 Vt. 15 (stating that trial court's decision to quash or enforce subpoena is reviewed for abuse of discretion). Defendant has not demonstrated an abuse of that discretion.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

3